**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

WILLIAM D HEFFLEY,

    Plaintiff,

        v.

BRADY THOMAS, et al.,

    Defendants.

CASE NO. 1:26-CV-99-HAB-ALT

**OPINION AND ORDER**

Pro se Plaintiff William Heffley ("Heffley") filed a civil rights complaint against Defendants Brady Thomas—the Dekalb County Sheriff—and "Detective Olinske," a detective with the Dekalb County Police Department, alleging intimidation and harassment. (ECF No. 1). Along with his Complaint, Heffley also filed a motion to proceed in forma pauperis ("IFP"). (ECF No. 2).

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).  In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has

income less than 150 percent of the income official poverty line. . . ." 28 U.S.C. § 1930(f)(1).[1] This is not a Bankruptcy case, but the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services. 42 U.S.C. § 9902.

Heffley reports he is single with no dependents, unemployed, and has limited income— $1,300 per month from Social Security Disability—and likewise limited assets. (ECF No. 2). Based on these representations, the Court finds that paying the filing fee would result in an inability for Heffley to provide for the necessities of life and thus meets the financial requirement for proceeding *in forma pauperis*.

The Court's inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

---

[1] S*ee* https://www.uscourts.gov/sites/default/files/document/poverty-guidelines.pdf (150% Poverty Guideline table).

P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Heffley's Complaint need not provide overly detailed factual allegations, but he must provide enough factual support to raise his right to relief above a speculative level. *Twombly*, 550 U.S. at 555. His complaint must provide more than "unadorned the-defendant[s]-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Heffley alleges he reported to law enforcement that Dekalb County police officers had intimidated and harassed him, but that "no investigation was conducted, and no corrective action was taken." (ECF No. 1 at 2). According to Heffley, Thomas's position as Sheriff means he "was responsible for supervising deputies and detectives and for ensuring complaints for misconduct were reviewed and addressed." (*Id.*) Nevertheless, harassment continued, including that of Detective Olinske, who Heffley alleges "personally participated in or contributed to actions taken against Plaintiff after the complaints, despite having notice that Plaintiff reported police harassment." (*Id.*) Heffley claims the harassment escalated because he reported the police misconduct, and that these actions have caused him fear, stress, emotional distress, and disruption to his daily activities. He requests an award of compensatory and punitive damages, as well as "injunctive relief prohibiting Defendants from engaging in further harassment." (*Id.*)

Heffley's Complaint contains two major problems: insufficient factual detail and lack of federal subject matter jurisdiction. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include "a short of plain statement of the claim showing that the pleader is entitled to relief." Under federal pleading rules, "[e]ach defendant is entitled to know what he or she did that is asserted to be wrongful." *Bank of America, N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013).

While Heffley provides some detail—police officers harassed him; he complained; the Sheriff did nothing; Olinske participated in further harassment—these conclusory allegations do not provide the defendants fair notice of the claims against them. Crucial facts are missing, such as when this harassment and intimidation occurred, what the harassment consisted of, how Detective Olinske was involved, or when Heffley complained to the police about the harassment. Baldly asserting that "the police harassed me, Olinske was involved, Thomas knew and did nothing about it" does not include sufficient information to provide notice to the defendants of what Heffley believes they did to violate his rights and thus does not comply with Rule 8.

Likewise, it is unclear from the face of the complaint what constitutional violations are being alleged here. From the outset, Heffley appears to be complaining of unlawful harassment in violation of his constitutional rights. But generally, "police harassment, without more, cannot form a basis for a § 1983 cause of action." *Arnold v. Truemper*, 833 F. Supp. 678, 682 (N.D. Ill. 1993). "[C]itizens do not have a constitutional right to courteous treatment by the police. Verbal harassment and abusive language, while 'unprofessional and inexcusable,' are simply not sufficient to state a constitutional claim under 42 U.S.C. § 1983." *Slagel v. Shell Oil Refinery*, 811 F. Supp. 378, 382 (C.D. Ill. 1993), *aff'd* 23 F.3d 410 (7th Cir. 1994); *see also Arnold*, 833 F. Supp. at 683 ("Inconvenience, aggravation and alleged injuries to reputation caused by police officers do not amount to [a constitutional] violation."). So even if Heffley *had* included any details about what harassment he faced and when, those allegations still would not rise to the level of a cognizable § 1983 claim. In the same vein, Heffley has not alleged a cognizable claim based on Sheriff Thomas's inaction in response to Heffley's complaint of harassment. *See Slagel v. Shell Oil Refinery*, 1994 WL 168503, at *1 (7th Cir. May 4, 1994) ("Chief of the Urbana Police Department[ ] committed no constitutional violation in failing to act on Slagel's complaint

4

letters."). At most, Heffley's claims might give rise to a First Amendment retaliation claim. Under § 1983, retaliatory activities are actionable if they would "deter a person of ordinary firmness" from exercising First Amendment activity in the future. *Bridges v. Gilbert,* 557 F.3d 541, 552 (7th Cir. 2009). But without any factual detail as to what the "retaliatory activities" are being continued, beyond exacerbated "harassment," these allegations do not rise to the level necessary to state a viable constitutional claim. *See Harris v. City of West Chi.*, 2002 WL 3100188, at *3 (N.D. Ill. Sep. 3, 2002) (police "drive-bys . . . and the threat 'watch it-we're going to get you and your family' do not rise to the level of a constitutional violation"); *Baden v. City of Wheaton*, 2010 WL 4931852, at *3–4 (N.D. Ill. Nov. 24, 2010) (police officers following plaintiff and threatening to arrest her, among other harassing actions "to deter [plaintiff] from filing a § 1983 suit," did not rise to level of First Amendment retaliation).

Because he has failed to state a plausible claim for relief, Heffley's Complaint cannot proceed. However, he may file an amended complaint that clarifies his claims that defendants harassed and intimidated him. Should Heffley choose to amend, he "should draft the amended complaint as if he is telling a story to someone who knows nothing about his situation." *Shabani v. Kalka*, 2020 WL 3100242, at *2 (W.D. Wis. June 11, 2020). That means he should explain (1) what the individual defendants said or did to him; (2) when it happened; and (3) what makes him believe that defendants violated his rights—including what rights those are. Ultimately, Heffley must explain what each defendant did and how it harmed him in enough detail to allow Defendants to understand what they are being accused of.

For these reasons, the Court:

(1) TAKES UNDER ADVISEMENT Heffley's Motion to Proceed In Forma Pauperis (ECF No. 2);

(2) GRANTS Heffley LEAVE TO FILE AN AMENDED COMPLAINT addressing the deficiencies noted in this Opinion on or before June 12, 2026;

(3) CAUTIONS Heffley that if there is no response by the deadline, this case will be dismissed without further notice.


**SO ORDERED** this 14th day of May 2026.


s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT